James Thomas & Co., demandante y apelante, *v.* José A. Florido, demandado y apelado.

No. 4571.—*Sometido:* Febrero 28, 1929. *Resuelto:* Julio 23, 1929.

*Hugh R. Francis* y *Julio Suárez Garriga,* abogados del apelante; *Besosa & Besosa,* abogados del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En la demanda se alega que el demandado era el agente de la demandante para la venta de productos importados, por lo cual el demandado tenía derecho a recibir cierta comisión; que al cerrarse los libros en enero 24, 1925, el demandado debía a la demandante la suma de $884.55.

En los autos de este caso aparece, primero, una de-

manda, luego, la contestación, y después la opinión y sentencia de la corte. También aparece el escrito de apelación y luego la transcripción de la evidencia. A esto, el apelado agregó, aparentemente sin dar paso previo alguno ante este tribunal, copia de una moción solicitando un detalle de las partidas (*bill of particulars*) notificada a la demandante y radicada en la corte inferior en 12 de agosto de 1926. La contestación lleva igual fecha.

La opinión y sentencia de la corte inferior se fundaron en parte en haber dejado la demandante de suministrar un detalle de las partidas. Se señala como error esta actuación de la corte. La teoría de la apelante es que originalmente, después de declararse sin lugar una excepción previa, se registró una sentencia en rebeldía contra el demandado; que la moción solicitando un detalle de las partidas estaba pendiente cuando se dejó sin efecto la sentencia, y, por consiguiente, si comprendemos a la apelante, que podía pasarse por alto esa moción. La corte consideró que al abrir el caso de nuevo, tanto la contestación como la moción solicitando un detalle de las partidas quedaban subsistentes, y nos parece que lo hizo propiamente, pero de todos modos, ninguno de los documentos relativos a la rebeldía fué copiado en los autos, y estos últimos deben considerarse en la forma en que han sido elevados. La corte inferior no cometió error alguno al considerar la moción solicitando un detalle de las partidas.

La demandante se queja de la actuación de la corte inferior al dejar sin efecto la sentencia registrada a favor de la demandante, toda vez que el demandado no radicó ningún *affidavit* de méritos. El dejar sin efecto una sentencia cae, en grado sumo, dentro de la discreción de la corte, y no hallamos que se cometiera abuso de discreción, especialmente no habiéndose elevado los documentos que demuestran los procedimientos relativos a la rebeldía.

Un tal Mr. Nuber, quien era agente de la demandante, destruyó voluntariamente algunos libros y tal vez otros do-

cumentos en que aparecía la cuenta del demandado. La corte resolvió que esta destrucción, de acuerdo con los artículos 48 y 49 del Código de Comercio, impedía que se recobrara. A esto el apelado agrega la presunción de que debe considerarse como adversa la evidencia voluntariamente destruida.

La apelante trata de justificar la destrucción de los libros como un acto inocente, y de descansar en su derecho a presentar evidencia secundaria. El apelado llama la atención hacia el hecho de que la declaración del Sr. Nuber no fué transcrita en los autos, o por lo menos, aquella parte de su declaración relativa a la cuenta del demandado.

Por tanto, llegamos a la conclusión de que la corte no estuvo equivocada al resolver que la demandante debía presentar sus libros como prueba, o al insistir en que ella había dejado de radicar un detalle de las partidas. Está falta se acentúa más con la omisión del testimonio del testigo principal de la demandante.

Una de las dificultades en este caso es que la parte demandada presentó una moción de *nonsuit*. La corte se reservó su fallo. Entonces el demandado ofreció presentar, y presentó, su prueba. Posteriormente, la corte en su opinión resolvió que procedía la moción de *nonsuit*. Evidentemente, la corte pensó que que la moción subsistía. Sin embargo, como la apelante no ha indicado que la prueba presentada por el demandado beneficie el caso de la demandante, y no hemos encontrado que lo beneficia, *la sentencia debe ser confirmada.*